**FILED**
**NOVEMBER 16, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALPESH KUMAR J. PATEL,<br><br>    Petitioner,<br><br>v.<br><br>RUTH A. DOROCHOFF, Chicago District Director of the Citizenship and Immigration Services; US. CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL CHERTOFF, Secretary of the U.S. Department of Homeland Security; and DEPARTMENT OF HOMELAND SECURITY,<br><br>    Respondents. | CASE NO.<br><br>**07 C 6527**<br><br>LI **JUDGE MAROVICH**<br>**MAGISTRATE JUDGE NOLAN** |

### PETITION FOR REVIEW OF
### APPLICATION FOR NATURALIZATION PURSUANT TO 8 CFR § 336(b)

  Plaintiff ALPESH KUMAR J. PATEL, by and through his attorneys at Kempster, Keller & Lenz-Calvo, Ltd., for his Petition for Review of Application for Naturalization Pursuant to Title 8, Code of Federal Regulations, Part 336 and Immigration and Nationality Act section 310(c), 8 U.S.C. § 1421(c), hereby petitions for the review of a final decision entered by Respondents DEPARTMENT OF HOMELAND SECURITY and U.S. CITIZENSHIP AND IMMIGRATION SERVICES on September 17, 2007, and alleges as follows:

#### Nature of the Case and Parties

  1.  This is a civil action brought by ALPESH KUMAR J. PATEL ("Mr. Patel"), to review a final decision entered by Respondents denying Mr. Patel's Form N-400 Application for

Naturalization (the "Application") and to obtain naturalization by this court pursuant to 8 CFR § 336 and INA § 310(c), 8 U.S.C. § 1421(c).

2.      Petitioner was born in India on November 5, 1968.  Mr. Patel lives in Palatine, Illinois with his United States citizen wife, Rita Patel.  Based on his marriage to his United States citizen spouse, Mr. Patel entered the United States lawfully as a permanent resident on July 25, 2003.  See **Exhibit A**.

3.      Plaintiff filed his Application for Naturalization on July 21, 2006 (*see* **Exhibit B**) based on his status as a lawful permanent resident of the United States for at least three years while being married to and living with the same U.S. citizen for the last three years who was the basis for his residency.  Mr. Patel attended his interview for his application on November 28, 2006, and Respondents subsequently issued a request for additional documents on January 26, 2007.  Petitioner timely submitted the requested documents on February 23, 2007.  Respondents denied Mr. Patel's application on March 15, 2007, and he filed a From N-366 Request for Hearing.  The request was granted and Mr. Patel appeared for a hearing on June 7, 2007.  Respondents made a final determination, denying Mr. Patel's application on September 17, 2007.

4.      Respondents are the District Director of the Chicago Office for Citizenship and Immigration Services ("USCIS"), USCIS, the Secretary of the Department of Homeland Security ("DHS"), and DHS.  The Respondent officers are sued in their official capacity.

**Jurisdiction and Venue**

5.      This Court has jurisdiction over this matter pursuant to 8 CFR § 336; INA § 310(c), 8 U.S.C. § 1421(c); 28 U.S.C. § 1331; and 5 U.S.C. § 701 *et seq*. to review the Application and make a determination on the Application for naturalization because this Petition is filed within

120 days of the Respondents' final determination on the Application. Petitioner requests that this Court review the Application *de novo* and order that Mr. Patel's application be approved.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because the events and omissions giving rise to this matter occurred in this District and because Mr. Patel resides in this District.

## Statement of the Case

7. Mr. Patel was born in India on November 5, 1968. Based on his marriage to his United States citizen spouse, Mr. Patel lawfully entered the United States as a permanent resident on July 25, 2003.

8. Prior to receiving his residency in 2003, Mr. Patel had been living outside the United States since September 28, 1997 following deportation proceedings. In August 1992, Mr. Patel was ordered deported *in absentia* under an Order to Show Cause for having overstayed a temporary non-immigrant visa. Mr. Patel self-deported on September 28, 1997 and remained outside the United States until he entered as a permanent resident on July 25, 2003.

9. On July 21, 2006, Mr. Patel filed an Application for Naturalization based his status as a lawful permanent resident of the United States for at least three years while being married to and living with the same U.S. citizen for the last three years. On March 15, 2007, the Service denied Mr. Patel's Application based on the allegation that Mr. Patel was not lawfully admitted to the United States on July 25, 2003. *See* **Exhibit C**.

10. On April 17, 2007 Mr. Patel filed a Form N-336 Request for a Hearing on a Decision in Naturalization Proceedings Under Section 336 of the Act. Mr. Patel appeared for the hearing

on June 7, 2007 and the interviewing Officer, D. Jordan, did not dispute Mr. Patel's arguments presented in the brief in support of the Request for Hearing.

11.     On September 17, 2007, Respondents issued a final determination on the Application, affirming the initial denial.  *See* **Exhibit D**.  In the decision, Respondents cite Section 212(a)(9)(A)(ii) of the INA, alleging that the order of deportation entered against Mr. Patel carried with it a bar to admissibility for ten years.

12.     Contrary to the Service's findings, Mr. Patel was ordered deported *in absentia* under an Order to Show Cause in 1992, which at the time carried with it a bar of inadmissibility for five years.  *See* INA § 242B(e)(1) attached at **Exhibit E**.  Mr. Patel's Application should have been approved because Mr. Patel complied with the five-year-bar and only entered in July 25, 2003 after waiting six years after he self-deported on September 28, 1997.  Respondents acknowledge in the final decision that their records indicate Mr. Patel did in fact leave the United States on or around September 28, 1997.

13.     Since he remained outside of the country from September 1997 until July 2003, Mr. Patel was eligible to gain lawful permanent residency because he was only subject to a five-year-bar of inadmissibility.  Since Mr. Patel was lawfully admitted as a permanent resident and has maintained that status for at least three years while remaining married to the same United States citizen spouse, he was eligible to naturalize at the time he filed the Application.

14.     Because Mr. Patel has been a lawful permanent resident since July 25, 2003, he satisfies the permanent residency requirement for naturalization listed at 8 CFR 316.2. Respondents did not raise any other grounds for denying the Application, and he is otherwise approvable.  Therefore, Mr. Patel's Application was improperly denied when the Service based

its decision on a lack of eligibility because of an alleged inability to show lawful admission as a permanent resident.

### Claim for Relief

15. Respondents improperly denied Petitioner's Application for Naturalization and he has exhausted any administrative remedies available under INA § 336. Petitioner has the right to obtain this Court's *de novo* judicial review pursuant to 8 CFR § 336 and INA § 310(c), 8 U.S.C. § 1421(c).

### Prayer for Relief

**WHEREFORE** Plaintiff prays that this Court:

A. Accept jurisdiction and maintain continuing jurisdiction of this Action;

B. Review *de novo* Petitioner's Application for Naturalization, determine that he meets all the requirements of citizenship, grant him naturalization, and direct that Respondents schedule Petitioner's oath ceremony within thirty (30) days of this Court's decision, and issue his Certificate of Citizenship;

C. Conduct if necessary a hearing *de novo* on the Application for Naturalization; and

D. Grant any and all further relief this Court deems just and proper.

Dated:   November 16, 2007            s/ Robert C. Milla
                                      Robert C. Milla

                                      KEMPSTER, KELLER & LENZ-CALVO, LTD.
                                      332 S. Michigan Avenue, Suite 1428
                                      Chicago, IL 60604
                                      No. 26650
                                      (312) 341-9730
                                      Attorneys for Plaintiff

**ALPESH KUMAR J. PATEL**

## **EXHIBITS:**

**Exhibit A**  Copy of Petitioner's Permanent Resident Card, verifying his status as permanent resident since July 25, 2003. Copy of Certification of Marriage for Petitioner and his spouse. Copy of Certificate of Naturalization for Petitioner's spouse.

**Exhibit B**  Copy of Form I-797C Notice of Action, confirming the receipt of Petitioner's N-400 Application for Naturalization on July 21, 2006, and his interview scheduled on November 28, 2006.

**Exhibit C**  Copy of Respondents' initial determination dated March 15, 2007.

**Exhibit D**  Copy of Respondents' final determination dated September 17, 2007.

**Exhibit E**  Copy of INA § 242B(e)(1) as it was in effect on the date Petitioner was ordered deported under an Order to Show Cause in 1992.