225        IMMIGRATION AND NATIONALITY ACT        § 242B

section may adversely affect the ability of such aliens to contest deportation effectively.

**Note 1**

Sec. 512 of the Immigration Act of 1990, Act of Nov. 29, 1990, Pub. L. No. 101–649, 104 Stat. 4978, authorizes the appropriation, in each of fiscal years 1991 through 1995, of such sums "as are necessary to provide for 20 additional immigration judges in the Department of Justice, to be used to conduct proceedings under section 242A(d) of the Immigration and Nationality Act (8 U.S.C. 1252a(d).

## Deportation Procedures

**Section 242B, 8 U.S.C. 1252b**[17]

(a)  Notices

(1)  Order to show cause

In deportation proceedings under section 242, written notice (in this section referred to as an "order to show cause") shall be given in person to the alien (or, if personal service is not practicable, such notice shall be given by certified mail to the alien or to the alien's counsel of record, if any) specifying the following:

(A) The nature of the proceedings against the alien.

(B) The legal authority under which the proceedings are conducted.

(C) The acts or conduct alleged to be in violation of law.

(D) The charges against the alien and the statutory provisions alleged to have been violated.

(E)[18] The alien may be represented by counsel and the alien will be provided a list of counsel prepared under subsection (b)(2).

(F)(i) The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which

---

[17] As enacted by Sec. 545 of the Immigration Act of 1990, Act of Nov. 29, 1990, Pub. L. No. 101–649, 104 Stat. 4978. Subsections (a), (b), (c), and (e)(1) of the new Sec. 242B shall be effective on a date specified by the Attorney General in a certification (*see* Note 1 to § 242B)), which date may not be earlier than 6 months after the date of such certification. Subsections (d), (e)(2) and (e)(3) of new § 242B took effect on Nov. 29, 1990. Subsection (e)(4) was effective Feb. 1, 1991.

[18] Amended by Sec. 306(c)(6)(C) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Act of Dec. 12, 1991, Pub. L. No. 102–232, 105 Stat. 1733.

(Matthew Bender & Co., Inc.)        (Rel.61–5/93   Pub.325/466)

EXHIBIT E

the alien may be contacted respecting proceedings under section 242.

(ii) The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number.

(iii) The consequences under subsection (c)(2) of failure to provide address and telephone information pursuant to this subparagraph.

**(2) Notice of time and place of proceedings**[19]

In deportation proceedings under section 242—

(A) written notice shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any), in the order to show cause or otherwise, of—(i) the time and place at which the proceedings will be held, and (ii) the consequences under subsection (c) of the failure, except under exceptional circumstances, to appear at such proceedings; and

(B) in the case of any change or postponement in the time and place of such proceedings, written notice shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any) of (i) the new time or place of the proceedings, and (ii) the consequences under subsection (c) of failing, except under exceptional circumstances, to attend such proceedings.

In the case of an alien not in detention, a written notice shall not be required under this paragraph if the alien has failed to provide the address required under subsection (a)(1)(F).

**(3) Form of information**

Each order to show cause or other notice under this subsection—

(A) shall be in English and Spanish, and

(B) shall specify that the alien may be represented by an attorney in deportation proceedings under section 242 and will be provided, in accordance with subsection (b)(1), a period of time in order to obtain counsel and a current list described in subsection (b)(2).

---

[19] As amended by Section 306(c)(6)(C) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Act of Dec. 12, 1991, Pub. L. No. 102-232, 105 Stat. 1733.

(Matthew Bender & Co., Inc.)    (Rel.61-5/93    Pub.325/466)

---

**(4) Central address files**

The Attorney General shall create a system to record and preserve on a timely basis notices of addresses and telephone numbers (and changes) provided under paragraph (1)(F).

[See Note 1 at the end of INA § 242B.]

**(b) Securing of Counsel**[20]

**(1) In general**

In order that an alien be permitted the opportunity to secure counsel before the first hearing date in proceedings under section 242, the hearing date shall not be scheduled earlier than 14 days after the service of the order to show cause, unless the alien requests in writing an earlier hearing date.

**(2) Current lists of counsel**

The Attorney General shall provide for lists (updated not less often than quarterly) of persons who have indicated their availability to represent pro bono aliens in proceedings under section 242. Such lists shall be provided under subsection (a)(1)(E) and otherwise made generally available.

**(c) Consequences of Failure to Appear**[21]

**(1) In general**

Any alien who, after written notice required under subsection (a)(2) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under section 242, shall be ordered deported under section 242(b)(1) in absentia if the Service establishes by clear, unequivocal, and convincing evidence that, the written notice was so provided and that the alien is deportable. The written notice by the Attorney General shall be considered sufficient for purposes of this paragraph if provided at the most recent address provided under subsection (a)(1)(F).

**(2) No notice if failure to provide address information**

No written notice shall be required under paragraph (1) if the alien has failed to provide the address required under subsection (a)(1)(F).

---

[20] Amended by Sec. 306(c)(6)(D) and (E) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Act of Dec. 12, 1991, Pub. L. No. 102-232, 105 Stat. 1733.
[21] Id. at Sec. 306(c)(6)(F) and (G).

(Matthew Bender & Co., Inc.)    (Rel.61-5/93    Pub.325/466)

## § 242B    IMMIGRATION AND NATIONALITY ACT    228

**(3) Rescission of order**

Such an order may be rescinded only—

(A) upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2)), or

(B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien.

The filing of the motion to reopen described in subparagraph (A) or (B) shall stay the deportation of the alien pending disposition of the motion.

**(4) Effect on judicial review**

Any petition for review under section 106 of an order entered in absentia under this subsection shall, notwithstanding such section, be filed not later than sixty days (or thirty days in the case of an alien convicted of an aggravated felony) after the date of the final order of deportation and shall (except in cases described in section 106(a)(5)) be confined to the issues of the validity of the notice provided to the alien, to the reasons for the alien's not attending the proceeding, and to whether or not clear, convincing, and unequivocal evidence of deportability has been established.

**(d) Treatment of Frivolous Behavior**

The Attorney General shall, by regulation—

(1) define in a proceeding before a special inquiry officer or before an appellate administrative body under this title, frivolous behavior for which attorneys may be sanctioned,

(2) specify the circumstances under which an administrative appeal of a decision or ruling will be considered frivolous and will be summarily dismissed, and

(3)[22] impose appropriate sanctions (which may include suspension and disbarment) in the case of frivolous behavior. Nothing in this subsection shall be construed as limiting the authority of the Attorney General to take actions with respect to inappropriate behavior.

---

[22] Id. at 306(c)(6)(H).

## 229    IMMIGRATION AND NATIONALITY ACT    § 242B

**(e) Limitation on Discretionary Relief for Failure to Appear**

**(1) At deportation proceedings**

Any alien against whom a final order of deportation is entered in absentia under this section and who, at the time of the notice described in subsection (a)(2), was provided oral notice, either in the alien's native language or in another language the alien understands, of the time and place of the proceedings and of the consequences under this paragraph of failing, other than because of exceptional circumstances (as defined in subsection (f)(2)) to attend a proceeding under section 242, shall not be eligible for relief described in paragraph (5) for a period of 5 years after the date of the entry of the final order of deportation.

**(2) Voluntary departure**

**(A) In general**

Subject to subparagraph (B), any alien allowed to depart voluntarily under section 244(e)(1) or who has agreed to depart voluntarily at his own expense under section 242(b)(1) who remains in the United States after the scheduled date of departure, other than because of exceptional circumstances, shall not be eligible for relief described in paragraph (5) for a period of 5 years after the scheduled date of departure or the date of unlawful reentry, respectively.

**(B) Written and oral notice required**

Subparagraph (A) shall not apply to an alien allowed to depart voluntarily unless, before such departure, the Attorney General has provided written notice to the alien in English and Spanish and oral notice either in the alien's native language or in another language the alien understands of the consequences under subparagraph (A) of the alien's remaining in the United States after the scheduled date of departure, other than because of exceptional circumstances.

**(3) Failure to appear under deportation order**

**(A) In general**

Subject to subparagraph (B), any alien against whom a final order of deportation is entered under this section and who fails, other than because of exceptional circumstances, to appear for deportation at the time and place ordered shall not be eligible for relief described in paragraph (5) for a period of 5 years after the date the alien was required to appear for deportation.

## § 242B  IMMIGRATION AND NATIONALITY ACT  230

(B) **Written and oral notice required**

Subparagraph (A) shall not apply to an alien against whom a deportation order is entered unless the Attorney General has provided, orally in the alien's native language or in another language the alien understands and in the final order of deportation under this section of the consequences under subparagraph (A) of the alien's failure, other than because of exceptional circumstances, to appear for deportation at the time and place ordered.

(4) **Failure to appear for asylum hearing**

(A) **In general**

Subject to subparagraph (B), any alien—(i) whose period of authorized stay (if any) has expired through the passage of time, (ii) who has filed an application for asylum, and (iii) who fails, other than because of exceptional circumstances, to appear at the time and place specified for the asylum hearing, shall not be eligible for relief described in paragraph (5) for a period of five years after the date of the asylum hearing.

(B) **Written and oral notice required**

Subparagraph (A) shall not apply in the case of an alien with respect to failure to be present at a hearing unless—(i) written notice in English and Spanish, and oral notice either in the alien's native language or in another language the alien understands, was provided to the alien of the time and place at which the asylum hearing will be held, and of the consequences under subparagraph (A) of failing, other than because of exceptional circumstances, to attend such hearing.

(5) **Relief covered** [23]

The relief described in this paragraph is—

(A) voluntary departure under section 242(b)(1),

(B) suspension of deportation or voluntary departure under section 244, and

---

[23] Amended by Sec. 306(c)(5)(J) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Act of Dec. 12, 1991, Pub. L. No. 102–232, 105 Stat. 1733, which deleted original subparagraph (A) and redesignated former subparagraphs (B) through (D) as (A) through (C), respectively.

(Matthew Bender & Co., Inc.)       (Rel.61–5/93  Pub.325/466)

---

## 231  IMMIGRATION AND NATIONALITY ACT  § 243

(C) adjustment or change of status under section 245, 248, or 249.

(f) **Definitions**

In this section:

(1) The term "certified mail" means certified mail, return receipt requested.

(2) The term "exceptional circumstances" refers to exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien.

**Note 1**

Sec. 545 of the Immigration Act of 1990, Act of Nov. 29, 1990, Pub. L. No. 101–649, 104 Stat. 4978, includes a requirement that the Attorney General shall certify to Congress when the central address file system (described in § 242B(a)(4)) has been established. In addition, the Comptroller General must, within 3 months after the Attorney General's certification, report on the adequacy of such system.

### Countries to Which Aliens Shall Be Deported; Cost of Deportation

### Section 243, 8 U.S.C. 1253

(a) The deportation of an alien in the United States provided for in this Act, or any other Act or treaty, shall be directed by the Attorney General to a country promptly designated by the alien if that country is willing to accept him into its territory, unless the Attorney General, in his discretion, concludes that deportation to such country would be prejudicial to the interests of the United States. No alien shall be permitted to make more than one such designation, nor shall any alien designate, as the place to which he wishes to be deported, any foreign territory contiguous to the United States or any island adjacent thereto or adjacent to the United States unless such alien is a native, citizen, subject, or national of, or had a residence in such designated foreign contiguous territory or adjacent island. If the government of the country designated by the alien fails finally to advise the Attorney General within three months following original inquiry whether that government will or will not accept such alien into its territory, such designation may thereafter be disregarded. Thereupon deportation of such alien shall be directed to any country of which such alien is a subject, national, or citizen if such country is willing to accept him into its territory. If the government of such country fails finally to

(Matthew Bender & Co., Inc.)       (Rel.61–5/93  Pub.325/466)

§ 212   IMMIGRATION AND NATIONALITY ACT   126

(5) **Labor certification and qualifications for certain immigrants**[a]

(A) **Labor certification**

(i) **In general**

Any alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is excludable, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that—

(I) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

(II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

(ii) **Certain aliens subject to special rule**

For purposes of clause (i)(I), an alien described in this clause is an alien who—

(I) is a member of the teaching profession, or

(II) has exceptional ability in the sciences or the arts.

(B) **Unqualified physicians**

An alien who is a graduate of a medical school not accredited by a body or bodies approved for the purpose by the Secretary of Education (regardless of whether such school of medicine is in the United States) and who is coming to the United States principally to perform services as a member of the medical profession is excludable, unless the alien (i) has passed parts I and II of the National Board of Medical Examiners Examination (or an equivalent examination as determined by the Secretary of Health and Human Services) and (ii) is competent in oral and written English. For purposes of the previous sentence, an alien who is a graduate of a medical school shall be

---

[a] As amended by Sec. 601, and as further amended by Sec. 162 of the Immigration Act of 1990, Act of Nov. 29, 1990, Pub. L. No. 101–649, 104 Stat. 4978; however, the changes made by Sec. 162(e)(1) were repealed by Sec. 302(e)(6) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Act of Dec. 12, 1991, Pub. L. No. 102–232, 105 Stat. 1733, effective as though that paragraph had not been enacted. The restored subparagraph (C) of § 212(a)(5) was then amended by Sec. 307(a)(6) of Pub. L. No. 102–232.

---

127   IMMIGRATION AND NATIONALITY ACT   § 212

considered to have passed parts I and II of the National Board of Medical Examiners if the alien was fully and permanently licensed to practice medicine in a State on January 9, 1978, and was practicing medicine in a State on that date.

(C) **Application of grounds**

The grounds of exclusion of aliens under subparagraphs (A) and (B) shall apply to immigrants seeking admission or adjustment of status under paragraph (2) or (3) of section 203(b).

(6) **Illegal entrants and immigration violators**

(A) **Aliens previously deported**

Any alien who has been excluded from admission and deported and who again seeks admission within one year of the date of such deportation is excludable, unless prior to the alien's reembarkation at a place outside the United States or attempt to be admitted from foreign contiguous territory the Attorney General has consented to the alien's reapplying for admission.

(B) **Certain aliens previously removed**[9]

Any alien who—

(i) has been arrested and deported,

(ii) has fallen into distress and has been removed pursuant to this or any prior Act,

(iii) has been removed as an alien enemy, or

(iv) has been removed at Government expense in lieu of deportation pursuant to section 242(b),

and (a) who seeks admission within 5 years of the date of such deportation or removal, or (b) who seeks admission within 20 years in the case of an alien convicted of an aggravated felony, is excludable, unless before the date of the alien's embarkation or reembarkation at a place outside the United States or attempt to be admitted from foreign contiguous territory the Attorney General has consented to the alien's applying or reapplying for admission.

---

[9] As amended by Sec. 601 of the Immigration Act of 1990, Act of Nov. 29, 1990, Pub. L. No. 101–649, 104 Stat. 4978. Both Secs. 514 and 601 of the Immigration Act of 1990 increase the number of years from 10 to 20, in the case of an alien convicted of an aggravated felony. The 5-year limitation on excludability under this paragraph was added by Sec. 4(1), Act of Dec. 29, 1981, Pub. L. No. 97–116, 95 Stat. 1161. The reference to aggravated felony convictions was added by Sec. 7349(a), Anti-Drug Abuse Act of 1988, Pub. L. No. 100–690, 102 Stat. 4181, effective Nov. 18, 1988.